IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES H. DISE            :
                           :
                           :
         v.                :
                           :    Civil Action No. CCB-07-1893
EXPRESS MARINE, INC.       :
                           :

...o0o...

# MEMORANDUM

Now pending before the court is defendant Express Marine, Inc.'s motion for summary judgment. Plaintiff Charles Dise brought suit against Express Marine, Inc. ("EMI") under the Jones Act, 46 U.S.C. § 30104, seeking damages for injuries suffered while employed by EMI. EMI subsequently filed various counterclaims against Dise and following this court's September 4, 2009 Order, EMI's claim for damages to a skiff remains the sole surviving claim in this lawsuit. *See Dise v. Express Marine Inc.*, 651 F. Supp. 2d 457, 471 (D. Md. 2009). The issues in this case have been fully briefed and no hearing is necessary. For the reasons stated below, EMI's motion will be granted.

# BACKGROUND

Dise began working for EMI, a New Jersey corporation engaged in the shipping industry, in October 2003. Dise was assigned to work as an assistant engineer on the Tug BALTIMORE ship in April 2005. Soon after, EMI purchased a fourteen-foot Boston Whaler ("the skiff") for the purpose of taking draft readings on the barge. On July 19, 2005, Dise and his fellow EMI employee George Greggs drove the skiff out to take draft readings. After doing so, Dise piloted the skiff down a creek to observe a moored ship. Upon receiving a call to take a second set of draft readings, Dise

accelerated toward the barge. Driving at a high speed and unable to see an approaching railroad bridge, Dise crashed the skiff into one of the bridge's bulkheads, suffering permanent injuries. Dise filed suit against EMI under the Jones Act and EMI filed counterclaims to recoup its accident-related costs. The only remaining claim in this case is EMI's counterclaim for damages to the skiff in the amount of $3,254.96. EMI now moves for summary judgment, arguing that its counterclaim is permitted under the Jones Act. Dise, however, asserts that the Jones Act bars employer-shipowners from bringing counterclaims against employee-seamen.

## **ANALYSIS**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable

inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

The facts relevant to this remaining claim are undisputed.[1] Dise argues EMI may not assert its counterclaim against him because the Jones Act prohibits counterclaims by employer-shipowners against employee-seamen, as such actions are incompatible with the principles of maritime law. EMI contends that, like the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 *et. seq.*, the Jones Act permits employer counterclaims. Although neither the Supreme Court nor the Fourth Circuit has spoken directly to this question, the consistency with which these courts have applied FELA to Jones Act cases and permitted counterclaims under FELA weighs in favor of permitting EMI's counterclaim.

Congress enacted the Jones Act to provide a uniform federal law to determine employer liability to seamen, incorporating by reference "[l]aws of the United States regulating recovery for personal injury to, or death of, a railway employee." 46 U.S.C. § 30104. The Supreme Court has held that the Jones Act adopts "the entire judicially developed doctrine of liability" under FELA. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 456 (1994) (internal quotation marks omitted). The Fourth Circuit has followed this precedent, applying FELA principles to the Jones Act unless there

---

[1] Although Dise disputes the court's previous finding that his negligence was the sole proximate cause of damages to the skiff, Dise has not filed a motion for reconsideration or a motion for relief from judgment. Therefore, this issue is not presently before the court.

3

is express language to the contrary or the "FELA principle is analytically limited to railroads or is otherwise inapposite to the sea." *Martin v. Harris*, 560 F.3d 210, 220 (4th Cir. 2009).

The Jones Act, in adopting FELA, also incorporates pre-existing common law remedies. *See Atl. Sounding Co. v. Townsend*, 129 S. Ct. 2561, 2570 (2009) (allowing punitive damages in Jones Act case because punitive damages were available at common law and not undermined by the Jones Act); *see also Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 165-66 (2007) (stating that absent express language to the contrary, the elements of FELA claims may be determined by common law). Although FELA was enacted to expand the remedies available to railway employees, the Supreme Court has held that "it does not follow . . . that this remedial purpose requires us to interpret every uncertainty in the Act in favor of employees." *Sorrell*, 549 U.S. at 171. For example, the Court in *Sorrell* held that because FELA does not abrogate the common law approach to negligence, courts may not apply different causation standards to negligence claims against employers and employees, such that employee negligence is more difficult to prove. *See id.*

Although the Fourth Circuit has not yet ruled on whether the Jones Act precludes a shipowner from filing a counterclaim against an employee for property damage, it has ruled that FELA does not preclude such a counterclaim by a railroad employer. *See Cavanaugh v. W. Md. Ry. Co.*, 729 F.2d 289, 294 (4th Cir. 1984). In *Cavanaugh*, the court held that it is a "well accepted common law principle that a master or employer has a right of action against his employee for property damages" arising out of the employee's negligence. *Id.* at 290. In part, the court reasoned that section 10 of FELA is not an obstacle to employer counterclaims because there is no basis for assuming that counterclaims intimidate injured employees from seeking redress. *See id.* at 293-94. Of particular concern to the *Cavanaugh* court was the possibility that an employer barred from asserting a counterclaim during its employee's FELA suit would be prohibited from later bringing

4

the claim against the employee through a new lawsuit because of the compulsory counterclaim requirement under Fed. R. Civ. P. 13(a). *See id.* at 291 n. 4. Other circuits have employed similar reasoning in FELA cases, allowing employers to bring counterclaims against their employees for property damage. *See Nordgren v. Burlington N. R. Co.*, 101 F.3d 1246, 1250-51 (8th Cir. 1996); *Sprague v. Boston and Me. Corp.*, 769 F.2d 26, 28-29 (1st Cir. 1985).

The Fifth Circuit is one of the few circuits that has addressed whether shipowners may bring counterclaims against employees in Jones Act cases. *See Withhart v. Otto Candies, L.L.C.*, 431 F.3d 840 (5th Cir. 2005). In *Withhart*, the Fifth Circuit held that the Jones Act does not bar employer counterclaims, relying largely on the Fourth Circuit's reasoning in *Cavanaugh*. *See id.* at 843-45. The court in *Withhart* began its analysis by noting that negligence was an actionable wrong under maritime law before the enactment of the Jones Act. *See* 431 F.3d at 842 (*citing Leathers v. Blessing*, 105 U.S. 626, 63 (1881) (recognizing maritime tort of negligence as existing as a counterpart to state law negligence)). The *Withhart* court then explained that allowing an employer counterclaim would not narrow the remedies available to employees under the Jones Act. *See id.* at 845. In addition, citing *Cavanaugh*, the court in *Withhart* reasoned that permitting employer counterclaims would not exempt employers from liability or unfairly prejudice employees. *See id.* at 844.

Dise, however, notes the Ninth Circuit's decision in *California Home Brands, Inc. v. Ferreira*, 871 F.2d 830, 833 (9th Cir. 1989), as contrary authority. In *Ferreira*, the Ninth Circuit held that a shipowner could not sue an employee for indemnification when the employee's negligence harmed another employee. *Ferreira*, 871 F.2d at 833. Yet *Ferreira* is distinguishable from the present case. First, in *Ferreira*, the injured employee did not have an independent cause of action against the negligent employee in maritime law. *See id.* at 834. The court thus held that

5

"[s]ince indemnity is only available where the would be indemnitor is independently liable to the injured party, a shipowner-employer has no right to be indemnified by its employee for damages paid to another crewmember under the Jones Act." *Id.* at 835. In the present case, however, maritime law provides EMI an independent claim against Dise for negligence.

In addition, the *Ferreira* court's rationale was based on reasoning rejected by the Fourth Circuit in *Cavanaugh*. The court in *Ferreira* found that indemnification claims were prohibited under the Jones Act because the threat of an indemnity suit could have a chilling effect on employee-seamen's willingness to sue their employers. See *id.* at 837. In *Cavanaugh*, however, the Fourth Circuit dismissed this concern as unfounded as it relates to counterclaims. *See* 729 F.2d at 294.[2]

Dise argues against the need to allow counterclaims because the Jones Act allows an employer to recover for an employee's negligence through the doctrine of comparative fault. According to Dise, the Jones Act's comparative fault scheme alleviates the court's concern in *Cavanaugh* that by disallowing employer counterclaims for property damage a plaintiff would be given "absolute immunity from any liability for his negligence." *Cavanaugh*, 729 F.2d at 291.[3] In the present case, however, EMI was found not negligent, and, thus, not liable to Dise. *See Dise*, 651

---

[2] Dise also cites *Yoch v. Burlington N. R.R.*, 608 F. Supp. 597 (D. Colo. 1985) and *Stack v. Chicago, Milwaukee, St Paul & Pac. R.R.*, 615 P.2d 457 (1980), for the proposition that employer counterclaims are barred by the Jones Act. (Pl.'s Mem. in Opp'n to Mot. for Summ. J. 5-7.) Yet both *Yoch* and *Stack* turn on the finding that employer counterclaims chill lawsuits by employees against employers and are devices barred by sections 5 and 10 of FELA. *See Yoch* 608 F. Supp. at 598; *Stack*, 615 P.2d at 460-61. As this rationale has been rejected by the Fourth Circuit, these cases are not persuasive.

[3] As the Supreme Court has long recognized FELA's allowance of employer recovery via comparative fault, *Tiller v. Atlantic Coast Line R. Co.*, 318 U.S. 54, 62 (1943), *Cavanaugh* thus stands for the Fourth Circuit's allowance of employer counterclaims as an avenue of recovery available to employers in addition to comparative fault, 729 F.2d at 294.

F. Supp. 2d at 471. Consequently, the rules of comparative negligence do not permit EMI to recover from Dise, leaving a counterclaim the only method of recovery for EMI.[4]

Accordingly, EMI's counterclaim will be permitted. Furthermore, as Dise does not dispute EMI's allegations with respect to the costs of repairs to the skiff, the court will find in favor of EMI on its counterclaim for damages to the skiff, measured as the cost of repairs in the amount of $3,254.96.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion for summary judgment will be granted. A separate Order follows.

June 2, 2010 /s/
Date Catherine C. Blake
United States District Judge

---

[4] As noted in *Cavanaugh*, under Fed. R. Civ. P. 13(a)'s compulsory counterclaim provision, EMI may not be able to bring a separate claim against Dise because EMI's negligence claim against Dise arises out of the same transaction or occurrence as Dise's original claim against EMI.